UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLY RACHOW,

    Plaintiff,                        CIVIL ACTION NO. 07-13170

v.                                   DISTRICT JUDGE DENISE PAGE HOOD
                                        MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past light work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on October 27, 2004, alleging that she had been disabled and unable to work on June 30, 2004, at age 49, due to bilateral carpal tunnel syndrome and back pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on June 7, 2006, before Administrative Law Judge (ALJ) Henry Perez, Jr. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past light work as a janitor. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for

Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 51 years old at the time of the administrative hearing (TR 182). She had been graduated from high school, and had been employed by the Ford Motor Company as a sewing machine operator and janitor during the relevant past (TR 65, 183-185, 197). As a janitor, Plaintiff was on her feet for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 20 pounds on a regular basis (TR 69).

Claimant stopped working in June 2003, due to severe hand and back pain (TR 186-187). She testified that pain medications have proven ineffective, and the daily use of a back brace has failed to alleviate her discomfort (TR 190). Plaintiff added that hand pain and numbness prevent her from being able to open jars and cans, or to manipulate small objects (TR 191). As a result of her joint pain, she allegedly was unable to sit, stand or walk for prolonged periods (TR 192, 194-195). The claimant needed to lie down several times a day in order to get pain relief (TR 193). Plaintiff was able to perform some household chores, such as cooking, laundry and shopping, but she relied on her son to do most exertional activities (TR 77-78, 80, 193-194).

A Vocational Expert, Michael Rosko, classified Plaintiff's past janitorial work as light, unskilled activity (TR 197). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 200). If the claimant

---

[1] The witness explained that Plaintiff's alleged inability to concentrate and need to lie down several times a day to relieve her joint pain would preclude all work activity (TR 200).

were capable of light work, the witness testified that Plaintiff could return to her past work as a janitor (TR 198). Janitorial jobs did not require extensive exposure to manual vibration (TR 198). The witness identified numerous light inspection, packaging and assembly jobs that Plaintiff could also perform. These jobs permitted a sit-stand option (TR 198-199).

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of bilateral carpal tunnel syndrome and back pain, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's hand and back pain prevented her from working jobs involving excessive manual vibrations. Since Plaintiff's past job as a janitor was not precluded by this limitation, the ALJ found that she remained able to perform her past relevant work.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her joint pain was severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2008).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work enabling her to perform her past work as a janitor. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling hand and back pain.

A review of the pertinent medical evidence reveals relatively little medical evidence concerning Plaintiff's allegedly disabling impairments. The record does not document any deterioration in the claimant's condition at the time she stopped working in June 2003. No doctor recommended that she stop working at the time. Instead, the record suggests that

Plaintiff stopped working when she accepted a retirement buy-out upon the recommendation of her union (TR 150).

A consultative examination by Dr. Asit Ray in March 2005, revealed that Plaintiff exhibited a normal gait and station. The claimant did not appear to be in any distress, and she did not experience any neurological deficits. The claimant's lumbar spine was normal, and there was no sign of muscle atrophy in her hands (TR 150-152). Dr. Ray noted that Plaintiff was independent in her activities of daily living, but that she had occasional difficulty dressing herself due to hand numbness. Nevertheless, the claimant was able to drive (TR 150).

X-rays of claimant's right hip and lumbar spine, ordered by Dr. Ray, showed only early degenerative changes (TR 154, 175). A November 2004, EMG study revealed only moderate left and right carpal tunnel syndrome, and no evidence of cervical radiculopathy (TR 124). An MRI scan of claimant's lumbar spine, performed on August 12, 2005, reflected minimal to moderate degenerative changes (TR 179).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant, who concluded that the claimant could perform a restricted range of light work[2] (TR 116-123). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from hand and back pain were not fully credible.

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2008).

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered fatigue or drowsiness, or that she needed to lie down frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not involve bilateral manual vibrations.

Plaintiff relies heavily upon the fact that Drs. Soskina and Podolsky found her to be totally disabled (TR 157, 159). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Soskina and Podolsky offered no objective evidence to support their respective statements of disability, their opinion need not have been given any special weight[3]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick

---

[3] The ALJ rejected the doctors' disability opinions, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support any disability (TR 13-14). The ALJ reasonably concluded that the conservative course of treatment pursued by Dr. Soskina was inconsistent with his opinion that Plaintiff was totally and permanently disabled (TR 13). The ALJ rejected the opinion by Dr. Podolsky, in part, because he did not seen to have treated Plaintiff recently (TR 14). Neither doctor identified any specific symptoms or limitations that would prevent the claimant from returning to her past light work.

v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ found that the claimant retained the residual capacity for a restricted range of light work. Since Plaintiff's past light work as a janitor was consistent with that level of exertion, substantial evidence existed on the record that she was not disabled within the meaning of the Social Security Act.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                    s/Donald A. Scheer
                                    DONALD A. SCHEER
                                    UNITED STATES MAGISTRATE JUDGE

DATED: July 14, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 14, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 14, 2008. **None.**

                                    s/Michael E. Lang
                                    Deputy Clerk to
                                    Magistrate Judge Donald A. Scheer
                                    (313) 234-5217