**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HOLLY RACHOW,

    Plaintiff,                        CIVIL ACTION NO. 07-13170
                                        JUDGE DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## AND
## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND
## DISMISSING THE COMPLAINT

**I.**     **INTRODUCTION**

This matter is before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation filed July 14, 2008 **[Docket No. 12]**, recommending that the Court DENY Plaintiff's Motion for Summary Judgment, and accordingly GRANT Defendant's Motion for Summary Judgment. Plaintiff filed an objection to the Report and Recommendation on July 25, 2008 **[Docket No. 13]**, to which the Defendant filed a Response **[Docket No. 15, filed Aug. 8, 2008]**.

**II.**     **STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(B)(1). This Court "may accept, reject or modify, in whole or in part, the

findings or recommendations made by the magistrate." *Id.*

### III.    LAW AND ANALYSIS

Upon review of Plaintiff's objection, it appears that Plaintiff is basing her objection on the rules stated in *Harris v. Heckler* and *Garner v. Heckler*. The *Harris* case states, "The opinion of a treating physician is entitled to deference when that opinion is not contradicted by substantial medical evidence and the opinion is based on detailed, clinical diagnostic evidence. *Harris v. Heckler*, 756 F.2d. 431, 435 (6th Cir. 1985). The *Garner* case states that the treating physician's opinion will only be given deference if it is supported by sufficient medical data. *Garner v. Heckler*, 745 F.2d. 383, 391 (6th Cir. 1984). Plaintiff also argues that the Magistrate Judge's explanation of why he discredited Plaintiff's alleged symptoms violated Social Security Ruling ("SSR") 96-7p. SSR 96-7p indicates that the adjudicator must provide specific reasoning for discrediting a Plaintiff's allegations, and that a general conclusory statement will not be adequate. SSR 96-7p.

The Defendant's response to the objection argues that neither the Magistrate Judge nor the Administrative Law Judge (ALJ) denied the evidence provided by Plaintiff's treating physicians, but rather objected to the treating physicians' opinions that the Plaintiff was disabled. In addition, the Defendant argues that the Magistrate Judge did in fact give specific reasons for discrediting Plaintiff's alleged symptoms. The degree of deference given to the treating doctor's opinions will be reviewed first, followed by whether there were specific reasons given for not finding Plaintiff's statements wholly credible.

#### A.    Degree of Deference Given to Treating Drs.'s Opinions

The Social Security Act defines disabled as "the inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which ... has lasted or can expect to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The Social Security Administration provides a five step process to determine if a person is disabled. The process weighs whether the claimant: 1) worked during the alleged period; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the economy. 20 C.F.R. §416.920(a). The plaintiff bears the burden of proof concerning steps one through four, and the defendant has the burden of proof regarding step five. Pursuant to 20 C.F.R. §416.920(a)(4), if it can be determined at any step that the plaintiff is not "disabled" as defined, the test need not continue.

Plaintiff has not participated in any gainful activity since June 30, 2004. Plaintiff alleges severe impairments caused by back pain and carpal tunnel syndrome; however, in light of all the evidence it does not appear that these impairments qualify as "disabling" under 42 U.S.C. §423(d)(1)(A). The findings of Dr. Asit Ray, the consultative examiner, are contrary to the findings and opinions of the Plaintiff's treating physicians Drs. Yeva Soskina and Terry Podolsky, respectively.

It is well settled that "The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). Of course, this is only if "the treating physician's opinion is based on sufficient medical data." *Id.* Plaintiff argues that neither the ALJ nor the Magistrate Judge gave proper weight to the findings of her treating physicians; however, it appears that both gave some deference to the treating physicians findings. Neither the ALJ nor the

Magistrate Judge however, agreed with the opinions of the treating physicians which declared the Plaintiff disabled.

The ALJ stated that he rejected the treating doctors' opinions for the following reasons: 1) the lack of medical documentation to so support any finding of disability; 2) the conservative course of treatment pursued by Dr. Soskina was inconsistent with his opinion; 3) the lapse of time since Dr. Podolsky last treated Plaintiff; and 4) the lack of diagnosing any specific symptom or limitation that would prevent Plaintiff from partaking in her past light work.

The consultive examiner, Dr. Asit Ray, in March of 2005, examined Plaintiff and found that there was no atrophy in her hands, her lumbar spine was normal, and that there were no neurological deficits. Dr. Ray's report also shows that Plaintiff exhibits a normal range of motion with all of her extremities and that she is able to perform daily movements such as walking, squatting, and the balling of both fists with complete closure.

Given that Dr. Rays' examination provided substantial contrary evidence to the findings and opinions of Drs. Soskina and Podolsky the Magistrate Judge did not err by not giving their opinions and findings complete deference. The Plaintiff's objection to the Report and Recommendation on this issue is without merit.

**B.     Credibility**

Plaintiff further objects that the Magistrate Judge's finding does not address the alleged violation of SSR 96-7p. SSR 96-7p provides:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant

evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Social Security Ruling 96-7p. SSR 96-7p further states:

It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

*Id.* Plaintiff argues that the ALJ violated SSR 96-7p by not citing specific reasons for finding Plaintiff's statements regarding her symptoms not wholly credible. Contrary to the Plaintiff's argument both the ALJ and the Magistrate Judge addressed why Plaintiff's statements were not regarded as wholly credible.

As SSR 96-7p states, the adjudicator is allowed to weigh the evidence as a whole against the Plaintiff's statements regarding her symptoms. This is what both the ALJ and the Magistrate Judge have done. Both speak to the lack of objective medical evidence presented by Plaintiff's treating physicians. The ALJ noted in his ruling that Plaintiff was able to drive, her conservative treatment was contrary to her allegation, Plaintiff has only sought physical therapy to alleviate her back pain, and that Plaintiff admitted to being independent in her daily living.

The Magistrate Judge also addressed this issue in his Report and Recommendation. The Magistrate Judge addressed the evidence introduced after Dr. Ray's examination and noted how it is contrary not only to the Plaintiff's statements, but also to the treating physicians' findings. The Magistrate Judge also took into account the findings of the state agency consultant who found that

5

Plaintiff would be able to perform a restricted range of light work. Considering all the reasons presented by both the ALJ and the Magistrate Judge the Court finds that Plaintiff's objection is without merit.

IV.     **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Donald A. Scheer [**Docket No. 12, filed on July, 14 2008**] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [**Docket No. 9, filed on June 10, 2008**] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [**Docket No. 11, filed on June 30, 2008**] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint **[Docket No. 1, filed July 30, 2007]** is **DISMISSED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 29, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for William F. Lewis
Case Manager